**In the Matter of Mark Randall SPENCER.**

**No. 02S00–0609–DI–334.**

Supreme Court of Indiana.

March 23, 2007.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23, section 11, the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** The parties agree that Respondent was arrested on two separate occasions for operating a vehicle while intoxicated and related charges. The first occasion was on March 21, 2006, and the second occurred on April 9, 2006, while Respondent was out on bond on the first charge. Pursuant to plea agreements, Respondent entered a guilty plea to operating a vehicle while intoxicated with respect to the first incident, and to operating a vehicle with a blood alcohol content between 0.08% and 0.14% with respect to the second incident. The remaining charges were dismissed.

The parties agree to the following facts in mitigation: Respondent has no prior disciplinary history and he was cooperative with the Commission. In addition, he has maintained compliance since June 12, 2006, with a monitoring agreement between Respondent and the Indiana Judges and Lawyers Assistance Program ("JLAP").

**Violations:** The parties agree Respondent violated Indiana Professional Conduct Rule 8.4(b) by committing criminal acts that reflect adversely on his trustworthiness or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the following agreed discipline:

(1) Respondent will receive a six-month suspension from the practice of law, with the entire period stayed.

(2) Respondent will be placed on 12–months probation pursuant to the terms of his existing JLAP Monitoring Agreement.

(3) Respondent will not be arrested or convicted of any crime during his probation and he will report any violation of any term of probation to the Disciplinary Commission.

(4) Respondent will consent to the release of JLAP status reports to the Disciplinary Commission.

(5) Any violation of any term of probation will cause the Disciplinary Commission to seek revocation of his probation and request Respondent serve the entire six-month suspension without automatic reinstatement.

The costs of this proceeding are assessed against Respondent.

With the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties, and to all other entities entitled to notice under Admission and Discipline Rule 23, section 3(d).

All Justices concur.